UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JILL FINKELSTEIN,

                          Plaintiff,

           -against-

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-4047 (JMA)

**APPEARANCES**

       Daniel A. Osborn, Esq
       250 S. Clinton Street, Suite 210
       Syracuse, New York 13202
       *Attorney for Plaintiff*

       Jeffrey J. Leifert
       SSA-Office of the General Counsel
       601 E. 12th St, Suite 965
       Kansas City, MO 64106-2898
       *Attorney for Defendant*

**AZRACK, United States District Judge:**

Plaintiff Jill Finkelstein ("Plaintiff" or "Finkelstein") seeks review of the final administrative decision by the Commissioner of Social Security (the "Commissioner"), reached after a hearing before an administrative law judge ("ALJ"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings. (ECF Nos. 15, 16.) Because the ALJ failed to appropriately develop the record, Plaintiff's motion for judgment on the pleadings is GRANTED and the Commissioner's cross-motion is DENIED.

## I.  BACKGROUND

Plaintiff filed her application for Title II DIB on March 31, 2016, alleging a disability onset date of June 28, 2015, due to degenerative disc disease, diabetes mellitus; diabetic neuropathy; balance issues; burning/tingling/numbness in her neck, back, hips, legs and feet; bilateral carpel tunnel syndrome; hypothyroidism; and high blood pressure.  (Tr. 11, 196-99)[1]; see also (ECF No. 1, Complaint ("Compl.")).

Following the denial of her application on November 22, 2016 (Tr. 64, 74-90), Plaintiff requested a hearing and was represented by counsel at an administrative hearing on March 4, 2019 before an ALJ ("ALJ Crawley").  (Tr. 11-19.)   At the hearing, ALJ Crawley also obtained vocational expert ("VE") testimony.  (Tr. 58-61.)

## II.  LEGAL STANDARDS

### A.  Scope of Judicial Review

In reviewing a denial of disability benefits by the Social Security Administration ("SSA"), it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard."  Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)).  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

"To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from

---

[1] "Tr." refers to the sequential numbering of the Administrative Record provided on the bottom right corner of the page, not the numbers produced by this District's Electronic Case Filing System.

which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999)

(quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)).  Thus, the Court

will not look at the record in "isolation but rather will view it in light of other evidence that detracts

from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122,

126 (2d Cir. 1990).  An ALJ's decision is sufficient if it is supported by "adequate findings . . .

having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

## B.  Standard to Determine Disability

Under the Act, "disability" is defined as "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is disabled when her

"physical or mental impairment or impairments are of such severity that [she] is not only unable

to do [her] previous work but cannot, considering [her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy . . . ."

42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an ALJ

determines disability.  See 20 C.F.R. §§ 404.1520, 416.920.  The analysis is summarized as

follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that [s]he
> has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1
> of the regulations] that conclusively requires a determination of disability, and
> (4) that the claimant is not capable of continuing in [her] prior type of work, the
> Commissioner must find [her] disabled if (5) there is not another type of work the
> claimant can do.

Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335

F.3d 99, 106 (2d Cir. 2003)).  At step four, the Commissioner determines the claimant's residual

functional capacity ("RFC") before deciding if the claimant can continue in his prior type of work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  The claimant bears the burden at the first four steps; but at step five, the Commissioner must demonstrate that "there is work in the national economy that the claimant can do."  Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

Conversely, a remand for further proceedings is warranted when the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations.  42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); see Rosa v. Callahan, 168 F.2d 72, 82–83 (2d Cir. 1999).

### III.  DISCUSSION

#### A.  The ALJ's Decision

In a decision dated May 6, 2019 (the "Decision"), ALJ Rodgers found that Plaintiff was not disabled under the Act and thus denied Plaintiff's claims.  (Tr. 18-19.)

Following the five-step process set forth above, ALJ Rodgers determined that Plaintiff had met the insured status requirements of the Act; had not engaged in substantial gainful activity since the alleged onset date; and had the severe, medically determinable impairments of degenerative disc disease, diabetes mellitus, and diabetic neuropathy, none of which were an impairment or combination of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 14.)

At the fourth step, ALJ Crawley determined Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except she could frequently use her hands for fingering and feeling and could frequently read print such as newspapers or books.  (Tr. 14.)

Based on this RFC, in conjunction with the hearing testimony from an impartial vocational expert, ALJ Crawley determined that Plaintiff was capable of performing her past relevant work as a special education supervisor as she actually performed that job.  (Tr. 18.)  Accordingly, ALJ Crawley concluded that Plaintiff was not disabled, as defined by the Act, from January 14, 2016 through the date of her decision.  (Tr. 18.)  The Appeals Council denied Plaintiff's request for review on June 11, 2020, at which time the Decision became the final decision of the Commissioner.  (Tr. 1–6.)  This appeal followed.  (See ECF No. 1.)

**B.  Plaintiff's Challenge**

Plaintiff asserts two grounds for reversal and remand: (1) the ALJ failed to develop the record and, (2) the ALJ erred at step-two in assessing the severity of Plaintiff's migraine headaches and bilateral carpal tunnel syndrome.  (ECF No. 15-1, ("Pl.'s Mot.") at 5.)  In opposition, the Commissioner counters that:  (1) the ALJ's Decision is supported by substantial evidence, and (2) the ALJ in-fact considered opinions from a variety of medical sources, including some of Plaintiff's treating physicians, consultative examiners, and a state agency medical consultant. (ECF No. 16-1, ("Def's Opp.").)  The Commissioner also argues that there are no "obvious gaps" in the record.  (Id. at 20–22.)  The Court disagrees.

Having carefully reviewed the record, the Court agrees with Plaintiff that the ALJ failed to develop the record by failing to obtain an opinion from any treating physician and various medical records from several treating sources.

**1.  Duty to Develop the Record**

"Social Security proceedings are inquisitorial rather than adversarial."  Sims v. Apfel, 530 U.S. 103, 110–11 (2000).  Consequently, "the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-

5

adversarial nature of a benefits proceeding." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted).   As part of this duty, the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." Sims, 530 U.S. at 111.  Specifically, under the applicable regulations, the ALJ is required to affirmatively develop the record" Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.1512(d)–(f)). This responsibility "encompasses not only the duty to obtain a claimant's medical records and reports but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity." Pena v. Astrue, No. 07-CV-11099, 2008 WL 5111317, at *8 (S.D.N.Y. Dec. 3, 2008) (citations omitted).

"Whether the ALJ has met his duty to develop the record is a threshold question." Craig v. Comm'r of Soc. Sec., 218 F. Supp. 3d 249, 261 (S.D.N.Y. 2016) (emphasis added).  "Before reviewing whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g), the court must first be satisfied that the ALJ provided plaintiff with a full hearing under the Secretary's regulations and also fully and completely developed the administrative record." Id. (citing Scott v. Astrue, No. 09-CV-3999, 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010)) (quoting Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982)); see also Rodriguez v. Barnhart, No. 02-CV-5782, 2003 WL 22709204, at *3 (E.D.N.Y. Nov. 7, 2003) ("The responsibility of an ALJ to fully develop the record is a bedrock principle of Social Security law.") (citing Brown v. Apfel, 174 F.3d 59 (2d Cir. 1999)).  "Remand is appropriate where this duty is not discharged." Craig 218 F. Supp. 3d at 261 (citing Moran, 569 F.3d at 114–15 ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision.")).

## 2.  **Treating Physician Rule**

In addition, the so-called "treating physician rule" is inextricably linked to a broader duty to develop the record.  "Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." Pena ex rel. E.R. v. Astrue, No. 11-CV-1787, 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d)) (internal quotation marks omitted).  A treating physician's opinion is given controlling weight, provided the opinion as to the nature and severity of an impairment "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The regulations define a treating physician as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." Withus v. Saul, No. 18-CV-10923, 2019 WL 6906972, at *10 (S.D.N.Y. Dec. 19, 2019) (quoting 20 C.F.R. § 404.1502), report and recommendation adopted, 2021 WL 2012270 (S.D.N.Y. May 19, 2021).

"Proper application of the rule ensures that the claimant's record is comprehensive, including all relevant treating physician diagnoses and opinions, and requires the ALJ to explain clearly how these opinions relate to the final determination." Figueroa v. Saul, No. 18-CV-4534, 2019 WL 4740619, at *15 (S.D.N.Y. Sept. 27, 2019) (citation omitted).

## 3.  **The ALJ Failed to Develop the Record**

Here, the ALJ failed to develop the record because ALJ Crawley did not obtain, clarify, or reconcile additional medical opinion evidence from Plaintiff's other treating physicians, including and especially her neurologist Dr. B. Rao Yadlapalli ("Dr. Yadlapalli").  (Pl's Mot. at 14.)

The record indicates that Dr. Yadlapalli treated Plaintiff from March 2015 until at least March 2019. (Tr. 323, 335, 340, 754.) During this time period, in April 2015, an electrodiagnostic study of Plaintiff's upper extremities revealed mild bilateral median nerve neuropathy at the wrist, but no remarkable evidence of cervical radiculopathy. (Tr. 324-28.) At a visit on December 17, 2018, Dr. Yadlapalli diagnosed Plaintiff with peripheral neuropathy and diabetes, and prescribed her certain medications. (Tr. 759.) On March 29, 2019, another electrodiagnostic study of Plaintiff's upper extremities revealed unchanged findings, e.g., evidence of moderate bilateral median nerve neuropathy at the wrist, but no remarkable evidence of cervical radiculopathy. (Tr. 754.) At the hearing, Plaintiff noted her difficulty in obtaining her full records from Dr. Yadlapalli and testified that "most of [her] testing" related to her neuropathy-related condition and symptoms were based on her visits with Dr. Yadlapalli. (Tr. 54.) The record does not contain an RFC assessment from Dr. Yadlapalli.

While the ALJ's Decision summarized some visits that Plaintiff had with Dr. Yadlapalli, the ALJ conceded that "[u]nfortunately Dr. Yadlapalli's treatment notes are largely illegible." (Tr. 15.) The Decision does not further discuss—let alone assign weight to—Dr. Yadlapalli's pertinent treatment notes, which potentially opine on Plaintiff's conditions and symptoms. Instead, the ALJ's Decision relies solely on one treating physician, Dr. Rose, an oncologist who treated Plaintiff for melanoma. ALJ Crawley afforded "great weight" to Dr. Rose's opinion that Plaintiff could sit, stand and/or walk, lift, and carry, and push and/or pull without limitation. (Tr. 564-65.) However, the ALJ's Decision does not include a discussion regarding whether Dr. Rose's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques. (Pl's Mot. at 13,15.) This is an error.

The Commissioner's argument that there are no "obvious gaps" exist in the record miscomprehends the ALJ's obligation to develop the record.  (Def's Mot. at 23.)  An ALJ's duty to develop the record can include a duty to seek clarification regarding illegible medical notes.  In fact, "[w]here the medical records are crucial to the plaintiff's claim, illegibility of important evidentiary material has been held to warrant a remand for clarification and supplementation." Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975) (remanding based in part on the illegibility of "[m]any of the medical records") (citation omitted). For this reason, "[c]ourts in this Circuit have often treated a failure to obtain legible notes from a provider – particularly when that provider's notes and opinions are central to a claim of disability – as a failure to develop the record." Sanchez v. Saul, No. 18-CV-12102, 2020 WL 2951884, at *23 (S.D.N.Y. Jan. 13, 2020) (collecting cases), report and recommendation adopted sub nom. Sanchez v. Comm'r of Soc. Sec., 2020 WL 1330215 (S.D.N.Y. Mar. 23, 2020).  Indeed, applying the treating physician rule to Dr. Yadlapalli's treatment record may be potentially dispositive in determining whether Plaintiff is disabled within the meaning of the Act.  Having reviewed the handwritten treatment notes in their entirety, the Court finds that this error is not harmless.

Accordingly, on remand, the ALJ is requested to develop the record by obtaining clarification of any relevant medical records that are illegible.  See Cutler, 516 F.2d at 1285; see also Perrone v. Berryhill, No. 17-CV-3343, 2018 WL 2316631, at *5 (S.D.N.Y. May 2, 2018) ("Faced with a record 'devoid' of any medical opinion pertaining to the nature and extent of the limitations imposed by [the claimant's] impairment(s) during the relevant time period, the ALJ had an affirmative duty to develop the record, but she failed to discharge that duty.").

In light of the findings discussed above, the Court need not reach Plaintiff's remaining contentions.  See, e.g., Oomen v. Berryhill, No. 16-CV-3556, 2017 WL 1386355, at *14 (S.D.N.Y.

Apr. 17, 2017) (explaining that where the treating physician rule is not followed and the court remands on that basis, the court need not reach plaintiff's other arguments)

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgment on the pleadings and DENIES the Commissioner's cross-motion.  The case is remanded for further proceedings consistent with this Order.

**SO ORDERED.**

Dated:  September 29, 2022
Central Islip, New York

 __/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE